Lambrecht v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-90-200-CR

        CLARENCE J. LAMBRECHT,
                                                                              Appellant
        v.

        THE STATE OF TEXAS,
                                                                              Appellee
 

 From the County Court at Law
Brazos County, Texas
Trial Court # 2038A
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          A jury found Appellant guilty of failing to maintain proof of financial responsibility on his
automobile and assessed a $200 fine in addition to costs of court. See Tex. Rev. Civ. Stat. Ann.
art. 6701h, § 1C(a) (Vernon Supp. 1991). Relying on Coit v. State, No. 529-87 (Tex. Crim. App.
April 10, 1991), he argues on appeal that the judgment is void because the applicable statutes do
not require proof of liability insurance. Although we agree that the proof of the failure to maintain
liability insurance will not alone support a judgment, we will affirm.
          The applicable statutes are as follows:
Section 1. . . .
10. "Proof of Financial Responsibility"—Proof of ability to respond in damages
for liability, on account of accidents occurring subsequent to the effective date of said
proof, arising out of the ownership, maintenance or use of a motor vehicle, in the
following amounts: effective January 1, 1984, Fifteen Thousand Dollars ($15,000) because
of bodily injury to or death of one person in any one accident, and, subject to said limit
for one person, Thirty Thousand Dollars ($30,000) because of bodily injury to or death
of two (2) or more persons in any one accident, and Fifteen Thousand Dollars ($15,000)
because of injury to or destruction of property of others in any one accident and effective
January 1, 1986, Twenty Thousand Dollars ($20,000) because of bodily injury to or death
of one person in any one accident, and, subject to said limit for one person, Forty
Thousand Dollars ($40,000) because of bodily injury to or death of two (2) or more
persons in any one accident, and Fifteen Thousand Dollars ($15,000) because of injury to
or destruction of property of others in any one accident. The proof of ability to respond
in damages may exclude the first Two Hundred Fifty Dollars ($250) of liability for bodily
injury to or death of any one person in any one accident, and, subject to that exclusion for
one person, may exclude the first Five Hundred Dollars ($500) of liability for the bodily
injury to or death of two (2) or more persons in any one accident and may exclude the first
Two Hundred Fifty Dollars ($250) of liability for the injury to or destruction of property
of others in any one accident.
. . .
Sec. 1B. (a) On and after January 1, 1982, every owner and/or operator in the
State of Texas shall be required, as a condition of driving, to furnish, upon request,
evidence of financial responsibility to a law enforcement officer of the State of Texas or
any subdivision thereof, or agent of the department, or to another person involved in an
accident.
(b) The following evidence of financial responsibility satisfies the requirment of
Subsection (a) of this section:
(1) a liability insurance policy in the minimum limits required by this Act or a
photocopy of that policy;
(2) a written instrument issued by a liability insurer that includes:
                              (A) the name of the insurer;
                              (B) the insurance policy number;
                              (C) the policy period;
                              (D) the name of the insured; and
(E) the policy limits or a statement that the coverage of the policy complies
with the minimum amount of liability insurance required by this Act; 
(3) an insurance binder that confirms to the satisfaction of a law enforcement
officer or an agent of the Department that the owner and/or operator is in
compliance with this Act; or
(4) a copy of a certificate issued by the Department showing that the vehicle is
covered by self-insurance.
Sec. 1C. (a) Failure to maintain financial responsibility as defined in Section 1(10)
of this Act is a Class C misdemeanor, punishable by a fine of not less than Seventy-five
Dollars ($75). . . .
See Tex. Rev. Civ. Stat. Ann art. 6701h, §§ 1(10), 1B(a), (b), 1C(a) (Vernon Supp. 1991). 
          In Coit, the defendant was charged with failure to maintain financial responsibility as
defined in Section 1. Coit, No. 529-87, slip op. at 1 n.1. She complained that merely proving
she did not have liability insurance was insufficient to show that she failed to maintain financial
responsibility. Recognizing that there are several methods of maintaining the requisite ability to
respond to damages, the court held that the failure to furnish proof of an automobile liability
insurance policy was not prima facia proof of the failure to maintain financial responsibility. Id.,
slip op. at 2-3.



          Section 1B(b) provides four methods of showing financial responsibility—(1) a liability
insurance policy, (2) a written instrument issued by a liability insurer that meets certain
requirements, (3) an insurance binder, or (4) a copy of a certificate showing self-insurance. Tex.
Rev. Civ. Stat. Ann. art. 6701h, § 1B(b) (Vernon Supp. 1991). Furthermore, producing in
court a liability insurance policy or a certificate of self-insurance is a defense to prosecution under
article 6701h. Id. at art. 6701h, § 1D. 
          Officer Kyle testified that Appellant showed him an expired insurance card but failed to
furnish any proof of current financial responsibility. Kyle claimed that Appellant never presented
proof of insurance, a certificate of self insurance, an insurance policy, or any other type of
evidence of financial responsibility covering his vehicle on the date in question. Accordingly, we
hold that the evidence was sufficient to prove beyond a reasonable doubt that Appellant failed to
maintain the requisite financial responsibility. See Butler v. State, 769 S.W.2d 234, 237 (Tex.
Crim. App. 1989). Point one is overruled.
          Appellant, who proceeded pro se at trial, complains in point two about being held in
contempt of court. We do not reach this point, because the proper method of attacking a criminal-contempt order is by writ of habeas corpus, not by appeal. See Ex parte Moorehouse, 614 S.W.2d
450, 451 (Tex. Crim. App. 1981).
          Affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 8, 1992
Do not publish